**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-7080**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMAR MARVIN SIMMONS, a/k/a Mar,

        Defendant - Appellant.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, Chief District Judge.  (1:13-cr-00061-GLR-1; 1:14-cv-03911-GLR)

---

Submitted:  January 23, 2025                        Decided:  February 6, 2025

---

Before WILKINSON, WYNN, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Jamar Marvin Simmons, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamar Marvin Simmons appeals the district court's order construing his Fed. R. Civ. P. 60(d)(1) motion for relief from judgment as an unauthorized, successive 28 U.S.C. § 2255 motion and dismissing it for lack of jurisdiction.[*]  Upon review of the record, we conclude the district court properly found that Simmons's Rule 60(d) motion challenged the validity of his conviction and sentence.  The court therefore properly construed the motion as a successive § 2255 motion over which it lacked jurisdiction because Simmons failed to obtain prefiling authorization from this court.  *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *McRae*, 793 F.3d at 397-400.  Accordingly, we deny Simmons's pending motion for default judgment, and we affirm the district court's order.  *United States v. Simmons*, No. 1:13-cr-00061-GLR-1 (D. Md. Oct. 30, 2024).

Consistent with our decision in *United States v. Winestock*, 340 F.3d 200, 208 (4th Cir. 2003), we construe Simmons's notice of appeal and informal brief as an application to file a second or successive § 2255 motion.  Upon review, we conclude that Simmons's claims do not meet the relevant standard.  *See* 28 U.S.C. § 2255(h).  We therefore deny authorization to file a successive § 2255 motion.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] A certificate of appealability is not required to appeal the district court's jurisdictional categorization of Simmons's motion as an unauthorized, successive § 2255 motion.  *See United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015).

2